#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TAMMY L. BARNES,           ) | |
|                            ) | |
|     **Plaintiff,**         ) | |
|                            ) | |
| v.                         ) | Case No. 16-4103-DDC-GEB |
|                            ) | |
| ELIZABETH A. BORGMANN, et al.  ) | |
|                            ) | |
|     **Defendants.**        ) | |
|                            ) | |

### REPORT AND RECOMMENDATION

Simultaneous with the filing of this order, the Court granted plaintiff's request to proceed without prepayment of the filing fee and denied plaintiff's request for appointment of counsel. (ECF No. 7.)  However, the authority to proceed without payment of fees is not without limitation.  Under 28 U.S.C. § 1915(e)(2), sua sponte dismissal of the case is required if the court determines the action: 1) is frivolous or malicious; 2) fails to state a claim upon which relief may be granted; or 3) seeks relief from a defendant who is immune from suit.  After application of these standards, the undersigned Magistrate Judge issues the following report and recommendation of dismissal pursuant to 28 U.S.C. § 636(b)(1)(B) for failure to state a claim for relief.

## I.    Background

Plaintiff brings this action against Elizabeth Borgmann, an employee of the Allen County Superior Court Clerk's office in Fort Wayne, Indiana, and H. Joseph Cohen, an Indiana attorney. Plaintiff's central claims allege Defendants illegally imposed a garnishment of her wages in violation of the Eighth and Fourteenth Amendments to the U.S. Constitution, and Defendants are doing so by "committing robbery, theft, and conspiracy to commit."[1] To support her claim, Plaintiff attached to her Financial Affidavit (ECF No. 4) a court-ordered wage garnishment on a debt of $12,261 issued by the Allen County Superior Court, Small Claims Division.[2] As relief, Plaintiff seeks an injunction to stop the wage garnishment and substantive, nominal, and punitive damages in the amount of one-billion dollars.

## II.   Recommendation

### A.    Failure to State a Claim

A review of her Complaint demonstrates Plaintiff fails to state a viable claim for relief. Under 28 U.S.C. § 1915(e)(2)(B)(ii), the Court shall dismiss the case at any time if it determines the action fails to state a claim upon which relief may be granted. The sufficiency of the Complaint is reviewed under the same standards as when considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6).[3] Because Plaintiff proceeds on a pro se

---

[1] Compl., ECF No. 1, at 3.
[2] *Acceptance Corp. v. Tammy Bunch aka Barnes*, No. 02D01-003-sc-6922 (Allen Co. Super. Ct., Ft. Wayne, Ind.).
[3] *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

basis, her pleadings must be liberally construed.[4]  However, Plaintiff still bears the burden to allege "sufficient facts on which a recognized legal claim could be based."[5]  The Court cannot "take on the responsibility of serving as [her] attorney."[6]

A thorough review of the Complaint confirms Plaintiff's claims neither "raise a right to relief above the speculative level," nor contain "enough facts to state a claim for relief that is plausible on its face."[7]  Conclusory allegations without a supporting factual basis are insufficient to state a plausible claim for relief.[8]  Plaintiff provides only conclusory allegations of how Defendants are stealing from her by simply attaching the court-ordered garnishment.[9]  Since Plaintiff has not alleged a factual basis to raise her claim above the speculative level, it is recommended the Complaint be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief could be granted.

**IT IS THEREFORE RECOMMENDED** that Plaintiff's Complaint be dismissed with prejudice for failure to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[4] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).
[5] *Id.*
[6] *Mays v. Wyandotte County Sheriff's Dep't*, 419 F. App'x 794, 796 (10th Cir. 2011).
[7] *Dirks v. Bd. of County Comm'rs of Ford County, Kansas*, No. 15-CV-7997-JAR, 2016 WL 2989240, at *1 (D. Kan. May 24, 2016).
[8] *Hall*, 935 F.2d at 1110.
[9] Compl., ECF No. 1, at 3.

**IT IS FURTHER ORDERED** that, because Plaintiff is a registered pro se participant who will receive electronic notification of this order, no additional mailing is necessary. Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), Plaintiff may file a written objection to the proposed findings and recommendations with the clerk of the district court within fourteen (14) days after being electronically served with a copy of this report and recommendation. Failure to make a timely objection waives appellate review of both factual and legal questions.[10]

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 29th day of July 2016.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

---

[10] *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).